UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN PAYTON | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1480 |
| INSPIRE BRANDS, BUFFALO WILD WINGS | * | SECTION "R" (2) |

**ORDER AND REASONS**

Plaintiff Jonathan Payton has filed a Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 1, 2. Plaintiff's application is submitted on the AO 240 Form, but the information provided is incomplete and insufficient for me to assess whether he qualifies as a pauper pursuant to 28 U.S.C. § 1915.

**I.   APPLICABLE LAW**

   **A.   *In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Courts assess Plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[2] This analysis entails a review of Plaintiff's income sources (including social security or unemployment payments[3]) and the demands on his financial resources, including whether expenses are discretionary or mandatory.[4] While one need not be absolutely destitute to

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[3] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).
[4] *Prows*, 842 F.2d at 140.

qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for himself and/or dependents.[5] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[6]

Plaintiff's application is submitted on the AO 240 Form, but the information provided is unclear and incomplete. ECF No. 2. For instance, he indicates that he is employed but simply specifies that his income "varies," with no indication as to the range each month or total income received in the past 12 months. *Id*. Plaintiff further indicates that he has $5,000 in cash or a bank account, but does not identify any other assets. He also indicates $2,000 in monthly expenses and an outstanding Sallie Mae loan of $100,000, with no indication as to maturity of same or any repayment terms.

The absence of full and complete information regarding Plaintiff's assets and monthly expenses precludes the Court from determining whether he qualifies for *in forma pauperis* status. Accordingly,

IT IS ORDERED that that Plaintiff's application is DENIED WITHOUT PREJUDICE to the right to re-file. If Plaintiff re-files, he is instructed that he **must** clearly and fully disclose all necessary financial information, including specifics as to income and monthly expenses.

New Orleans, Louisiana, this __21st__ day of July, 2025.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).
[6] *Prows*, 842 F.2d at 140; 28 U.S.C. § 1915(a).