UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN PAYTON | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1480 |
| INSPIRE BRANDS, ET AL. | * | SECTION "R" (2) |

<u>ORDER TO SHOW CAUSE AND</u>
<u>ORDER AND REASONS DENYING APPOINTMENT OF COUNSEL</u>

Before me is Plaintiff Jonathan Payton's Motion to Appoint Counsel. ECF No. 12.

## I.  BACKGROUND

Plaintiff Jonathan Payton filed a complaint against Defendants Inspire Brands and Buffalo Wild Wings purporting to assert "official capacity" claims against both Defendants based on alleged violation of 18 U.S.C. § 241. ECF No. 1 at 2; ECF No. 1-1, Section VI. He alleges that a Buffalo Wild Wings employee accosted, harassed, and assaulted him in retaliation for reporting her to management for poor customer service, that the employee spread false claims throughout the restaurant, and that the employee gathered other patrons to assault him. ECF No. 1 at 4. Plaintiff alleges management "witnessed the entire incident." *Id.* Plaintiff's claims thus appear to arise from his dissatisfaction with treatment from staff at a local restaurant. Although Plaintiff alleges that he was pushed out of the restaurant, he stated that he did not sustain injury. *Id.* at 5.

This Court granted Plaintiff's application to proceed *in forma pauperis* but directed that issuance of summons be withheld pending completion of the statutorily mandated frivolous review. ECF No. 7. In that same Order, the undersigned directed that Plaintiff show cause, on or before October 20, 2025, why his complaint should not be summarily dismissed as frivolous and for lack of subject matter jurisdiction. *Id.* at 5. Plaintiff failed to comply with that Order. Instead,

1

it appears that Plaintiff moved to another location and failed to notify the Clerk of Court of his new address until December 4, 2025.  ECF Nos. 9, 10, 11.

In Plaintiff's current motion for appointment of counsel, Plaintiff simply asserts that he has limited financial resources and that counsel will help with filings and motions.  ECF No. 12.

## II. APPLICABLE LAW

### A. Appointment of Counsel

A litigant has no constitutional right to a court-appointed attorney in a civil case.[1]  A court may, however, appoint counsel "if doing so would advance the proper administration of justice."[2]

Appointment of counsel under § 1915(e)(1) should not occur as a matter of course or ordinary practice.[3]  Under 28 U.S.C. § 1915(e)(1), a court has the authority to *request* an attorney to represent a person unable to afford counsel.  To *request* counsel under § 1915(e)(1), the plaintiff must establish the existence of "exceptional circumstances."[4]  Although the Fifth Circuit has declined to articulate a comprehensive definition of "exceptional circumstances,"[5] it has identified various factors that a court should consider in determining whether exceptional circumstances warrant the appointment of counsel:

(1) the type and complexity of the case;
(2) whether the indigent plaintiff is capable of adequately presenting the case;
(3) whether the indigent plaintiff is in a position to investigate and adequately prepare the case;
(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

---

[1] *See F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) ("The Sixth Amendment right to counsel is inapplicable in civil cases." (citations omitted)).
[2] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).
[3] *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases)); *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).
[4] *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213.
[5] *Ulmer*, 691 F.2d at 213 (quoting *Branch*, 686 F.2d at 266).

>the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.[6]

In addition, the court should consider the extent of a plaintiff's attempts to secure private counsel independently.[7] Thus, even when demonstrably indigent, a plaintiff asserting civil claims for damages is not entitled to appointed counsel as a matter of right.[8]

Before addressing whether exceptional circumstances exist for purposes of § 1915(e)(1), the court should generally screen the complaint under 28 U.S.C. § 1915(e)(2),[9] which considers whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This process requires the court to assess whether the plaintiff's claims meet a threshold level of plausibility, which "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[10] Thus, an indigent plaintiff must first demonstrate that the asserted claim meets "a threshold level of plausibility" and then show "exceptional circumstances" before the court considers requesting appointed counsel.[11]

In addition to § 1915(e)(1), the court has extra-statutory, inherent authority to **compel** an attorney to represent a party when exceptional circumstances exist *and* efforts to secure non-

---

[6] *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213.
[7] *Naranjo*, 809 F.3d at 799 (citing *Jackson*, 864 F.2d at 1242).
[8] *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (quoting *Naranjo*, 809 F.3d at 799 (citing *Ulmer*, 691 F.2d at 212)).
[9] *Cf.* April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016), Section 3(d). The screening review process applies to *in forma pauperis* cases filed by both prisoners and non-prisoners. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner case under § 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim); *Malone v. La Dep't of Safety & Corr.*, No. 17-CV-1025, 2017 WL 4106244, at *1 (W.D. La. Aug. 25, 2017) (finding that §1915(e)(2) applies equally to prisoners and non-prisoners).
[10] *Naranjo*, 809 F.3d at 799 (citations omitted); *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (stating that a claim is frivolous if it "lacks an arguable basis either in law or in fact," and lacks an arguable basis in fact when it describes "fantastic or delusional scenarios"); *see also Howard v. Langston*, 544 F. App'x 427, 427 (5th Cir. 2013) ("A court may dismiss a claim as factually frivolous where the facts alleged are 'clearly baseless,' such as when the allegations are fanciful, fantastic, or delusional." (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992))).
[11] *Naranjo*, 809 F.3d at 799.

compulsory representation are unsuccessful.[12] The power to compel appointment of counsel, however, is a power of last resort and is not to be invoked unless all other options have been exhausted.[13] Before ordering mandatory or compelled representation, the court may consider additional circumstances, including:

(1) an attorney's assessment that the claims are meritless;
(2) whether taking the case could subject the attorney to discipline;
(3) plaintiff's antagonistic behavior toward previous counsel;
(4) whether the attorney has good cause to decline; and
(5) any change in circumstances.[14]

### III.   ANALYSIS

#### A.   Failure to Comply With Show Cause Order

Plaintiff failed to respond to the Court's Order requiring him to show cause before October 20, 2025, why his complaint should not be dismissed. ECF No. 7. Because that Order was issued before Plaintiff notified the Clerk of Court of his change of address, the undersigned will assume Plaintiff did not receive a copy of that Order. Plaintiff, however, is obligated to notify the Clerk of Court of any change of address promptly, and in signing his Complaint, acknowledged that his failure to do so may result in the dismissal of his case.

As previously explained, 18 U.S.C. § 241 does not provide Plaintiff with a private cause of action that would support the Court's exercise of federal question jurisdiction,[15] and Plaintiff

---

[12] *Id.* at 804.
[13] *Id.*; *see also Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (re-affirming inherent authority to appoint counsel).
[14] *Naranjo*, 809 F.3d at 805-06.
[15] Criminal charges cannot be brought by private individuals as the Executive Branch has absolute discretion to decide whether to investigate or prosecute a case. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021). And the cited federal criminal statute does not provide a private cause of action. *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("[Sections] 241 and 242 do not provide a basis for civil liability. . . . Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999))).

4

seeks less that the statutory minimum necessary to establish diversity jurisdiction.[16] Despite Plaintiff's failure to timely respond to the show cause, the undersigned will provide Plaintiff with another opportunity to respond, on or before February 25, 2026. Failure to timely respond may result in a recommendation that this case be dismissed.

### B. Appointment of Counsel

Plaintiff does not address whatsoever, much less establish, the exceptional circumstances necessary to justify appointment of counsel under § 1915(e)(1). "Every civil lawsuit is in some ways complex, but not every lawsuit warrants court appointed counsel. It is only those extraordinarily complex cases that require such extraordinary measures."[17] This case does not appear to be particularly complex, and Plaintiff has not provided any basis to conclude that he is incapable of investigating, preparing or adequately presenting the case. Further, he has not identified any efforts he has undertaken to secure private counsel.

### IV.  CONCLUSION

On its face, Plaintiff's Complaint fails to state a cognizable claim and lacks any basis for subject matter jurisdiction, subjecting it to summary dismissal under § 1915(e)(2). Moreover, Plaintiff has failed to establish exceptional circumstances necessary to justify appointed counsel under § 1915(e)(1) or identified any efforts taken to secure private counsel.

Accordingly,

IT IS ORDERED that, for the reasons set forth above and more fully in the Order and Reasons dated September 25, 2025 (ECF No. 7), on or before **Wednesday, February 25, 2026**,

---

[16] ECF No. 1 § V, at 5.
[17] *LaBranche v. Nestor I LLC*, No. 18-8399, 2019 WL 3891555, at *3 (E.D. La. Aug. 19, 2019) (Morgan, J.) (citing *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011)).

Plaintiff Jonathan Payton **SHOW CAUSE** why his Complaint should not be summarily dismissed as frivolous and for lack of subject matter jurisdiction;

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim.  **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on **Wednesday, February 25, 2026**, but the matter will be taken under advisement on the written filings on that date.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel is DENIED.

New Orleans, Louisiana, this ___9th___ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

6