UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN PAYTON | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1480 |
| INSPIRE BRANDS, ET AL. | * | SECTION "R" (2) |

### REPORT AND RECOMMENDATIONS

Plaintiff Jonathan Payton filed a civil rights complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on July 17, 2025. ECF Nos. 1, 2. The Court ultimately granted his third *Ex Parte* Motion for Leave to Proceed *in forma pauperis* but ordered that summons not be issued until completion of the statutorily mandated review in accordance with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B). ECF Nos. 6, 7. The Court also ordered Plaintiff to file a written response setting forth the specific facts upon which he bases his claims, with a deadline of Monday, October 20, 2025, in accordance with 28 U.S.C. § 1915(e)(2). ECF No. 7 at 6. The Order further advised Plaintiff that his failure to respond in writing as directed may result in dismissal of his complaint. *Id.*

Plaintiff did not file a response. Instead, he filed a Motion to Appoint Counsel on December 4, 2025. ECF No. 12. On January 9, 2026, the Court denied that motion and again ordered Plaintiff to file a written response setting forth the specific facts upon which he bases his claims, with a deadline of Wednesday, February 25, 2026, in accordance with 28 U.S.C. § 1915(e)(2), and advised that his failure to respond in writing as directed may result in dismissal of his complaint. ECF No. 13. Plaintiff again did not file a response.

1

I.      **PLAINTIFF'S CLAIMS**

In his civil rights complaint, Plaintiff asserts "official capacity" claims against Defendants Inspire Brands and Buffalo Wild Wings.  ECF No. 1 § I(B).  He does not indicate whether he is asserting these claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* § II(A).  He does, however, indicate he is filing his claims under 18 U.S.C. § 241 on the civil cover sheet.  ECF No. 1-1.

Plaintiff alleges that, on October 28, 2021, a Buffalo Wild Wings employee accosted, harassed, and assaulted him in retaliation for reporting her to management for poor customer service, the employee spread false claims throughout the restaurant, and the employee gathered other patrons to assault him.  ECF No. 1 § III(A)-(C).  Plaintiff alleges management "witnessed the entire incident."  *Id.* § III(C).

II.     **APPLICABLE LAW**

A. **Statutorily Mandated Review**

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[1]  Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[2]  This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[3]

---

[1] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[2] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).

[3] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[4]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5]  A court may not dismiss a claim simply because the facts are "unlikely."[6]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . .  [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[7]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8]  The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[9]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[10]  "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[11]

---

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[7] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal*, 556 U.S. at 678.

[11] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[12]  The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[13]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[14]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[15]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[16]

## B. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a petitioner to prosecute or comply with any order of the court.[17]  In applying the sanction of dismissal, courts have traditionally considered the

---

[12] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[13] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[14] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at  326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[15] *Id.*

[16] *Id.*

[17] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[18]  Because plaintiff is proceeding *pro se*, it is apparent that this Court must weigh his actions alone in considering dismissal of this action under Rule 41(b).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[19]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[20]

## C.  <u>Availability of Amendment</u>

Although frivolous claims may be dismissed with prejudice,[21] before doing so, the Court should allow the *pro se* Plaintiff the opportunity to state his best case:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[22]

Thus, the court should generally allow an opportunity to amend before dismissing an action for failure to state a claim.[23]  Indeed, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[24]  When, however, the "complaint

---

[18] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (per curiam).

[19] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

[20] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl*, 660 F.2d at 593).

[21] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).

[22] *Neitzke*, 490 U.S. at 329-30.

[23] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").

[24] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se*

5

alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[25]

### III.   <u>ANALYSIS</u>

As the Court previously explained in the show cause order, "[c]riminal charges cannot be brought by private individuals as the Executive Branch has absolute discretion to decide whether to investigate or prosecute a case."[26]  Further, § 241 does not provide a private cause of action.[27] Thus, Plaintiff's purported claims are legally frivolous.[28]

Even liberally construing Plaintiff's allegations as asserting claims under *Bivens* or § 1983, the claims still fail to state a claim upon which relief can be granted. An action under *Bivens* remedies constitutional violations by federal government officials in their individual capacities.[29] To state a *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[30]  "[P]rivate actors are not subject to liability under *Bivens* for conduct that typically falls within the scope of traditional state tort law."[31]  And to establish a § 1983 claim, a pllaintiff must allege (1) a deprivation of a right secured by the U.S. Constitution or federal law; (2) that occurred under color of state law, and (3) was caused by a

---

[25] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (cleaned up))).

[26] ECF No. 7 at 5 n.23 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021)).

[27] *Id.* (citing *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) ("[Section] § 241 and 242 do not provide a basis for civil liability." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished)))).

[28] *Gill*, 153 F. App'x at 263 ("[T]he district court did not abuse its discretion when it dismissed these claims [under 18 U.S.C. §§ 241 and 242] as legally frivolous." (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999))).

[29] *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

[30] *See* 403 U.S. at 397.

[31] *Vela v. Presley*, No. 22-40484, 2023 WL 3255010, at *1 (5th Cir. May 4, 2023) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63-64 (2001); *Eltayib v. Cornell Cos.*, 533 F. App'x 414, 414-15 (5th Cir. 2013)); *see also Goodloe v. United States*, No. 22-5, 2023 WL 4712204, at *5 (N.D. Tex. June 21, 2023) (Ramirez, M.J.) (citing *Lampley v. Doe*, No. 21-261, 2021 WL 3396777, at *2 (E.D. Tex. June 3, 2021), *R.&R. adopted*, 2021 WL 3367677 (E.D. Tex. Aug. 2, 2021) (citing *Malesko*, 534 U.S. at 72-73)), *R.&R. adopted*, 2023 WL 4707997 (N.D. Tex. July 24, 2023).

state actor.[32]  However, "[t]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[33]  Thus, generally "neither a private company nor a private individual are considered to act under color of law and are not state actors to be held liable under § 1983."[34]  The Defendants are private actors, and Plaintiff has not alleges facts that demonstrate an exception applies.

Moreover, any §1983 or *Bivens* claim would be prescribed on the face of the complaint. In the absence of a federal statute of limitations for § 1983 or *Bivens* claims, federal courts borrow the forum state's limitations period.[35]  Because *Bivens* is a "more limited federal analog to . . . § 1983," § 1983 is the guide for determining the appropriate statute of limitations for a *Bivens* claim.[36]  "[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations."[37]

Louisiana's one-year statute of limitations, or prescriptive period, for tort claims described under former Louisiana Civil Code article 3492 applies to Plaintiff's § 1983 and *Bivens* claims because the alleged altercation from which Plaintiff's claims arises occurred on October 28, 2021.[38]  That prescriptive period commences when the aggrieved party either has knowledge of

---

[32] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

[33] *Richard v. Houma Police Dep't*, No. 1912892, 2020 WL 686165, at *2 (E.D. La. Jan. 23, 2020) (alteration in original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelly v. Kraemer*, 334 U.S. 1, 13 (1948))), *R&R adopted*, 2020 WL 638890 (E.D. La. Feb. 11, 2020).

[34] *Id.* at *2 (citing *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors . . . ."); *Pleasant v. Caraway*, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994)).

[35] *See Owens v. Okure*, 488 U.S. 235, 239, 249-50 (1989) (regarding § 1983); *Adrian v. Selbe*, 364 F. App'x 934, 936 (5th Cir. 2010) ("The statute of limitations for a *Bivens* action is borrowed from state law . . . ." (citing *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982))); *Gaspard v. United States*, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983).

[36] *Abbott v. Otis-Sanders*, No. 22-30561, 2023 WL 4763348, at *1 (5th Cir. July 26, 2023) (per curiam) (quoting *Hernandez v. Mesa*, 589 U.S. 93, 109 (2020); and citing *Alford*, 693 U.S. at 499; *Kelly v. Sterna*, 87 F.3d 1235, 1238 (11th Cir. 1996))).

[37] *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir.) (citing *Owens*, 488 U.S. at 236), *cert. denied*, 145 S. Ct. 170 (2024).

[38] In 2024, the Louisiana Legislature extended Louisiana's prescriptive period for torts to two years. LA. CIV. CODE art. 3493.1. However, this change has "prospective application only," and applies only "to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Here, the former one-year prescriptive period under LA. CIV. CODE art. 3492 remains applicable. *See Allied World Nat'l Assurance*

the violation or notice of the facts which, in the exercise of due diligence, would have led to actual knowledge thereof.[39]  As a direct participant in the altercation, Plaintiff clearly knew of the facts on which he bases his claims on the date of the altercation.  The prescriptive period thus lapsed on October 28, 2022.  As such, his claims are prescribed on the face of the complaint.

Prescribed claims are properly dismissed with prejudice and without leave to amend because they are legally frivolous.[40]  Further, Plaintiff has failed to respond to the show cause orders.

## IV.   CONCLUSION

Despite being advised that his failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting his cause(s) of action.  Regardless, Plaintiff's Complaint is subject to summary dismissal with prejudice and without leave to amend under § 1915(e)(2)(B) for being legally frivolous.

### RECOMMENDATIONS

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as legally frivolous.

---

*Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

[39] *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir. Jan. 1981)).

[40] *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) (holding that dismissal with prejudice without leave to amend is proper when claims are subject to an obvious meritorious defense, such as a peremptory time bar), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Pham v. Unidentified DEA Agent*, No. 22-292, 2022 WL 1008239, at *2 (E.D. La. Mar. 14, 2022) (citing *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Payton v. Normand*, No. 21-1325, 2022 WL 412720 (E.D. La. Jan. 21, 2022), *R.&R. adopted*, 2022 WL 393628 (E.D. La. Feb. 9, 2022) (Vance, J.) (dismissing Section 1983 complaint under 28 U.S.C. § 1915(e) as legally frivolous because the claims were time-barred)), *R.&R. adopted,* 2022 WL 1001452 (E.D. La. Apr. 4, 2022).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[41]

New Orleans, Louisiana, this ___20th___ day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[41] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).